UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DOUGLAS CORNELL JACKSON,

        Plaintiff,

v.

JODI FELICIANO et al.,

        Defendants.
_____/

Case No. 2:17-cv-00077

Honorable Gordon J. Quist

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Caron, Huss, and Napel. The Court will serve the complaint against Defendants Feliciano and Pokley.

**Discussion**

    I.    Factual allegations

      Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The

events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues Law Librarian Jodi Feliciano, Assistant Resident Unit Supervisor Mark Pokley, Grievance Coordinator Glenn Caron, Deputy Warden Erica Huss, and Warden Robert Napel.

Plaintiff alleges that he began asking Defendant Feliciano to schedule him for law library time on January 25, 2017. Plaintiff was scheduled for law library on January 31, 2017, at which time he requested the assistance of a legal writer. Plaintiff explained to Defendant Feliciano that he had been receiving legal writer assistance at the Baraga Correctional Facility (AMF). Defendant Feliciano told Plaintiff that AMF Law Librarian Bouchard and Peterson Paletta PLC told her to refuse his legal writer request, and that Bouchard failed to forward Plaintiff's zip file or legal writer files. Plaintiff states that he previously named Bouchard as a defendant in Case No. 2:16-cv-246 and that Peterson Paletta PLC are private attorneys under contract with the MDOC. Plaintiff alleges that Defendant Feliciano refused to provide Plaintiff legal writer assistance for the preparation and filing of an application for leave to appeal the United States District Court's order dated January 20, 2017. In addition, Plaintiff alleges that Defendant Feliciano denied Plaintiff a copy of his civil rights complaint for case No. 2:16-cv-246, and denied him assistance with the preparation of an appeal of right from the dismissal of that action.

On February 8, 2017, Plaintiff, who was on modified access to the grievance procedure, requested a step I grievance form so that he could file a grievance on Defendant Feliciano. Plaintiff filed a grievance on February 15, 2017. On February 21, 2017, Plaintiff met with a legal writer, but no pleading was prepared. On March 1, 2017, Plaintiff informed Defendant Napel that Defendant Feliciano was not scheduling him for law library at a time when she was available to help obtain notarized documents and copies.

On March 7, 2017, Defendant Feliciano scheduled Plaintiff to meet with a legal writer. Plaintiff was provided with an erroneous, untimely application for leave to appeal the Wayne County Circuit Court's January 11, 2017, order denying Plaintiff's petition for judicial review of the MDOC Hearing Administrator's denial of rehearing. On March 8, 2017, Plaintiff was scheduled for law library, but no librarian was present. On March 9, 2017, Plaintiff told Defendant Feliciano that he had received his request for rehearing response and that he wished to file a request for judicial review in the Marquette County Circuit Court. On March 31, 2017, Defendant Feliciano sent Plaintiff a "claim of appeal for judicial review," containing substantial errors. On April 4, 2017, Plaintiff returned the document to Defendant Feliciano. On April 7, 2017, Defendant Feliciano returned the same erroneous document to Plaintiff, which prevented Plaintiff from filing a timely appeal. Plaintiff claims that Defendant Feliciano provided Plaintiff with untimely appeal documents in Case No. 2:16-cv-246.

Plaintiff asked to meet with a legal writer on April 5, 2017. Plaintiff told Defendant Feliciano that he was going to file a civil rights complaint against her for intentionally preventing him from filing his legal documents in the courts. Plaintiff contends that Defendant Feliciano needlessly sent the same document offsite to Peterson Paletta PLC for corrections, which caused an unnecessary delay. Plaintiff claims that this practice by Defendant Feliciano frequently results in documents taking months to prepare. On April 7, 2017, Plaintiff filed a motion for an injunction in this case, and Defendant Feliciano responded by putting a "hit" out on Plaintiff. On April 12, 2017, Plaintiff gave pages from a legal document to Defendant Pokley to be given to Defendant Feliciano for minor corrections. Plaintiff states that the pages have never been returned to him. Plaintiff was scheduled to meet with a legal writer that day, but was not allowed to attend. Plaintiff asked Defendant Feliciano to reschedule the meeting and filed a grievance. On April 17, Plaintiff

3

asked Defendant Pokley about the pages Plaintiff had given Defendant Pokley, and Defendant Pokley stated, "How do you know you gave them to me?" Plaintiff insisted that he had placed the pages in Defendant Pokley's hand and Defendant Pokley stated, "If you're taking me to court, things have changed between you and I." Plaintiff states that Defendant Pokley's actions prevented him from filing an application for leave to appeal the Wayne County Circuit Court's order in *In Re Jackson*, Case No. 332096.

On April 18, 2017, Defendant Feliciano scheduled Plaintiff to meet with a legal writer. However, Defendant Feliciano then wrote a class I misconduct on Plaintiff for threatening behavior, which caused him to be placed in segregation and miss his meeting with a legal writer. On April 19, 2017, Plaintiff filed a grievance asserting that Defendant Feliciano had sent a prisoner "hitman" to Plaintiff's cell. On April 20, 2017, Plaintiff demanded another meeting with a legal writer. On April 21, 2017, Plaintiff requested books from the law library, which were not provided. On April 24, 2017, Plaintiff asked to be placed on call out for law library, but his request was not granted.

Plaintiff alleges that he filed a grievance asserting that he had not been provided a form for filing a petition for judicial review in the Circuit Court. Plaintiff states that he was not provided with a step II appeal form for nearly one month.

Plaintiff claims that Defendants violated the First Amendment by denying him access to the courts and by retaliating against him. Plaintiff further claims that supervisory defendants were deliberately indifferent to the misconduct of their subordinates and that he was discriminated against on the basis of his race in violation of the Fourteenth Amendment. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the Court notes that Plaintiff fails to make specific factual allegations against Defendants Napel and Huss, other than his claim that they failed to conduct an investigation in response to his grievances or to otherwise respond to his complaints. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Napel and Huss engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Plaintiff claims that Defendant Caron violated his rights when he interfered with Plaintiff's use of the grievance process. Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to

an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant Caron's conduct did not deprive him of due process.

Moreover, Defendant Caron's actions have not barred Plaintiff from seeking a remedy for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415-416 (6th Cir. 2014) (citing *Jones v. N. C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process

7

would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470 (6th Cir. 2001). In light of the foregoing, the Court finds that Plaintiff fails to state a cognizable claim against Defendant Caron.

Plaintiff claims that Defendant Feliciano discriminated against him because he is African American. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiff's allegations on this point are wholly conclusory. He merely states that he is being treated differently because of his race. Plaintiff provides no specific factual allegations to support his contention. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Plaintiff claims that Defendants Feliciano and Pokley violated his First Amendment right of access to the courts, which resulted in the loss of his ability to appeal the Wayne County Circuit Court's denial of his motion for relief from judgment. Plaintiff also claims that Defendant Feliciano intentionally prevented him from filing a petition for judicial review of the denial of Plaintiff's request for rehearing by a MDOC hearing administrator. Finally, Plaintiff claims that Defendant Feliciano denied him a free copy of his civil rights complaint for case No. 2:16-cv-246, as well as help with the preparation of an appeal of right from the dismissal of the action.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).

Further, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). Where, as here, "the access claim . . . looks backward,[1] the complaint must identify a remedy that may be awarded as recompense but not

---

[1] Backward-looking claims "do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims . . . is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Christopher*, 536 U.S. at 414 (footnotes omitted). In contrast, the "essence" of a forward-looking claim "is that official action is presently denying an opportunity to litigate for a class of potential plaintiffs. The opportunity has not been lost for all time, however, but only in the short term; the object of the denial-of-access suit . . . is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413.

otherwise available in some suit that may yet be brought." *Id.* at 415. "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

As noted above, Plaintiff's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only. Therefore, Plaintiff's claims that Defendant Feliciano interfered with his ability to file an application for leave to appeal the denial of a motion for relief from judgment, as well as with his ability to file a petition for judicial review of the decision of a MDOC hearing administrator, do not constitute actual injury for purposes of an access to courts claim. In addition, Plaintiff's claim against Defendant Pokley asserts that he was prevented from filing an application for leave to appeal in *In re Jackson*, Case No. 332096. It is unclear what type of case this was, however, because Plaintiff does not allege that it was a direct appeal, a habeas corpus application, or a civil rights claim. Thus, it does not constitute actual injury for purposes of a First Amendment access to courts claim.

With regard to Plaintiff's claim that he was improperly denied copies of his complaint in Case No. 2:16-cv-246, and that Defendant Feliciano prevented him from timely appealing the denial, the Sixth Circuit has repeatedly held that the constitutional right of access to the courts does not entitle prisoners to free access to photocopying machinery. *See*, *e.g.*, *Bell-Bey, v. Toombs*, No. 93-2405, 1994 WL 105900 (6th Cir. March 28, 1994) ("the law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services"); *Hawk v. Vidor*, No. 92-2349, 1993 WL 94007, *1 (6th Cir. March 31, 1993) ("the right to have access to the courts is not interpreted as requiring unlimited access to photocopiers"); *Al- Jabbar v. Dutton*, No. 92-5004, 1992 WL 107016, at *1 ("a prisoner's right of access to the courts does not guarantee him unlimited photocopying at the state's expense") (6th Cir. May 19, 1992); *Bond*

11

*v. Dunn*, No. 89-6181, 1989 WL 149988, at *1 (6th Cir. Dec. 12, 1989) ("The constitutional right of access to the courts does not require that prison officials provide inmates free access to photocopying machinery"), *cert. denied*, 494 U.S. 1006 (1990); *Fazzini v. Gluch*, No. 88-2147, 1989 WL 54125, *2 (6th Cir. May 23, 1989) ("The right of access to the courts does not require that prison officials provide free, unlimited access to photocopy machines"). In the absence of actual injury, plaintiff fails to state a claim of constitutional significance. In addition, with regard to Plaintiff's claim that Defendant Feliciano prevented him from filing a timely appeal in Case No. 2:16-cv-246, the Court notes that Plaintiff's appeal of the dismissal was filed on January 23, 2017. *See Jackson v. Bouchard*, Case No. 2:16-cv-246, ECF No. 19. Plaintiff's appeal was denied by the Sixth Circuit Court of Appeals for lack of merit on August 30, 2017. *Id.* at ECF Nos. 37, 39. Therefore, Defendant Feliciano's alleged misconduct did not result in actual prejudice to Plaintiff.

Finally, Plaintiff claims that Defendants Feliciano and Pokley retaliated against him in violation of the First Amendment. The Court concludes that Plaintiff's retaliation claims against Defendants Feliciano and Pokley are not clearly frivolous and are not properly dismissed on initial review.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Caron, Huss, and Napel will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Feliciano and Pokley.

An Order consistent with this Opinion will be entered.

Dated: November 28, 2017  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE